IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JUAN MANUEL GONZALEZ #533079 § | |
| § | |
| V. § | A-12-CA-1000-SS |
| § | |
| TEXAS BOARD OF PARDONS AND § | |
| PAROLES and RISSIE OWENS § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint and motion for summary judgment. Plaintiff is proceeding pro se.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was incarcerated in the Huntsville Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff committed his crime, murder with a deadly weapon, in 1988. Plaintiff contends the parole laws in effect at the time he committed his offense should be used to determine whether he should be released on parole. Plaintiff complains the Parole Board used section 508.144 of the Texas Government Code to deny him release.[1]  In addition, Plaintiff asserts he has been denied

---

[1] In relevant part, Section 508.144 provides that:

parole and set off five times for a total of ten years after he had served fifteen years flat time. Plaintiff claims his denial of parole is not fair and tries to prove his claim by including a newspaper article from the Houston Chronicle from 2003 stating an inmate, who Plaintiff believes is unworthy of parole, was paroled.

Although Plaintiff's complaint is not entirely clear, it appears he is claiming the application of section 508.144 of the Texas Government Code to his parole review violates the Ex Post Facto Clause. He may also be claiming the denial of parole is a violation of the Due Process Clause, the Separation of Powers Doctrine, the Confrontation Clause, the Double Jeopardy Clause, and the Equal Protection Clause. Plaintiff further asserts he has been subjected to involuntary servitude.

---

(a) The board shall:

> (1) develop according to an acceptable research method the parole guidelines that are the basic criteria on which a parole decision is made;
>
> (2) base the guidelines on the seriousness of the offense and the likelihood of a favorable parole outcome;
>
> (3) ensure that the guidelines require consideration of an inmate's progress in any programs in which the inmate participated during the inmate's term of confinement; and
>
> (4) implement the guidelines.

(b) If a board member or parole commissioner deviates from the parole guidelines in voting on a parole decision, the member or parole commissioner shall:

> (1) produce a written statement describing in detail the specific circumstances regarding the departure from the guidelines;
>
> (2) place a copy of the statement in the file of the inmate for whom the parole decision was made; and
>
> (3) provide a copy of the statement to the inmate.

Plaintiff names as defendants the Texas Board of Pardons and Paroles and Chairman of the Board, Rissie Owens. Plaintiff seeks injunctive and declaratory relief. He may also be seeking monetary damages.[2]

## DISCUSSION AND ANALYSIS

A.  Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. Even if a plaintiff paid the full filing fee for his case, his claims must be screened pursuant to 28 U.S.C. § 1915A. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.  Eleventh Amendment Immunity

The Texas Board of Pardons and Paroles is immune from suit under the Eleventh Amendment. In addition, to the extent Plaintiff sues Rissie Owens in her official capacity for

---

[2] Plaintiff states on page seven of his memorandum "a request for compensatory damages is the proper request to persue [sic]."

monetary damages, Owens is also immune from suit under the Eleventh Amendment, because such an action is the same as a suit against the sovereign. Pennhurst State School Hosp. v. Halderman, 465 U.S. 89, 104 S. Ct. 900 (1984). The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304, 110 S. Ct. 1868, 1871 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. Green v. State Bar of Texas, 27 F.3d 1083,1087 (5th Cir. 1994).

  C. Ex Post Facto Clause

Plaintiff's initial challenge is under the Ex Post Facto Clause. Article I, Section 10 of the United States Constitution provides, "no State . . . shall pass any . . . ex post facto law." U.S. CONST. art. I, § 10. The Ex Post Facto Clause "protects liberty by preventing governments from enacting statutes with 'manifestly unjust and oppressive' retroactive effects." Stogner v. California, 539 U.S. 607, 611 (2003) (quoting Calder v. Bull, 3 Dall. 386, 291 (1798)). Under the Ex Post Facto Clause, "[l]egislatures may not retroactively alter the definition of crimes or increase the punishment for criminal acts." Collins v. Youngblood, 497 U.S. 37, 43 (1990) (citing Beazell v. Ohio, 269 U.S. 167, 169-70, (1925)). A statute violates the Ex Post Facto Clause only if it retroactively "effects [a] change in the definition of respondent's crime" or "increases the 'punishment' attached to respondent's crime." California Dep't of Corr. v. Morales, 514 U.S. 499, 505 (1995). The latter analysis applies to Plaintiff.

Parole panels are vested with complete discretion in making parole decisions to accomplish the mandatory duties found in Chapter 508 of the Texas Government Code. The Board adopted

4

parole guidelines to assist those responsible for determining suitability for parole. 37 TEX. ADMIN. CODE § 145.2 (1995) (Standard Parole Guidelines). The current parole guidelines consist of a risk assessment instrument and an offense severity scale. Id. Combined, these components serve as an instrument to guide parole release decisions. Id. The risk assessment instruments include two sets of components, static and dynamic factors. Id. The static factors include: (1) age at first admission to a juvenile or adult correctional facility; (2) history of supervisory release revocations for felony offenses; (3) prior incarcerations; (4) employment history; and (5) the commitment offense. Id. The dynamic factors include: (1) the offender's current age; (2) whether the offender is a confirmed security threat group member; (3) education, vocational and certified on-the-job training programs completed during the present incarcerations; (4) prison disciplinary conduct; and (5) current prison custody level. Id. The guidelines are not automatic nor is the parole guidelines score presumptive as to whether an offender will be paroled. Id. The parole guidelines serve as an aid in the parole decision process and the parole decision shall be at the discretion of the parole panel. Id.

      The Fifth Circuit has recognized that while changes to parole eligibility could retroactively increase punishment, determinations of suitability for parole are discretionary and do not have ex post facto implications. Wallace v. Quarterman, 516 F.3d 351 (5th Cir. 2008). The Fifth Circuit explained that Simpson v. Ortiz, 995 F.2d 606, 610 (5th Cir. 1993) reaffirmed its holding in Sheary v. United States, 822 F.2d 556, 558 (5th Cir. 1987), in that changes in Parole Commission guidelines on the suitability of parole do not violate the Ex Post Facto Clause. Wallace, 516 F.3d at 355. The court stated this holding is consistent with the holding in Portley v. Grossman, 444 U.S. 1311 (1980), which held changes to discretionary parole guidelines do not have ex post facto implications. Id. The issues raised by Plaintiff in his complaint address suitability for parole, not

5

eligibility for parole, and do not violate the Ex Post Facto Clause. Olstad v. Collier, 326 Fed. Appx. 261 (5th Cir. Apr. 27, 2009).

Plaintiff's complaint is not clear on whether he is challenging his multiple-year set-offs. If so, his claim fails. The change to Texas parole laws that potentially lengthens the period between parole reconsideration hearings does not violate the Ex Post Facto Clause. The Court in Garner analyzed a change to Georgia's parole rules, lengthening the period between parole reconsideration hearings from three years to eight years. Garner v. Jones, 529 U.S. 244, 250-57 (2000). The Garner Court found no facial invalidity in the Georgia rule amendment. It stressed two factors: (1) the parole board retained discretion as to how frequently to set an inmate's date for reconsideration, and (2) the statute permitted expedited parole reviews to consider a change in circumstances or new information. Id. at 254. The Court concluded that increases in the minimum number of years in which parole decisions must be reconsidered from three to eight do not violate the ex post facto prohibition, where they do not modify the statutory punishment imposed or the standards for determining the criteria for, or initial date of, parole eligibility. Id. at 250-57; see also Morales, 514 U.S. at 500 (noting change in California law regarding frequency of parole hearings created "only the most speculative and attenuated risk of increasing the measure of punishment"). Similar to the parole laws challenged in Garner, the amendments to Section 508.141(g) of the Texas Government Code do not modify the statutory punishment imposed or the standards for determining the criteria for, or initial date of, parole eligibility. The amendments also do not modify or substantially alter Plaintiff's quantum of punishment. In addition, the Board retains discretion as to how frequently to set an inmate's date for reconsideration. As such, the revised parole laws do not violate the Ex Post Facto Clause. Olstad v. Collier, 326 Fed. Appx. 261 (5th Cir. Apr. 27, 2009).

D.  Due Process

Plaintiff appears to make various claims that his due process rights have been violated with respect to the denial of his parole. However, the United States Constitution does not create a liberty interest in parole. Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Likewise, Texas law makes parole discretionary and does not create a liberty interest in parole that is protected by the Due Process Clause. Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995); see also Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997). Because Texas inmates have no protected liberty interest in parole, they cannot have a liberty interest in parole consideration or other aspects of parole procedures. Id. at 308) (stating that Texas prisoners cannot mount a challenge against any state parole review procedure on procedural or substantive due process grounds). It is entirely up to each State whether it chooses to create a parole system and the amount of discretion with which it entrusts its parole decisionmakers.

Parole is a privilege, not a right, even after an inmate accrues the minimum amount of time-served credit necessary to be eligible for parole. See Greenholtz, 442 U.S. at 7 (convicted persons have no constitutional right to be conditionally released before the expiration of a valid sentence); 37 TEX. ADMIN. CODE § 145.3(1) ("Release to parole is a privilege, not an offender right, and the parole decision maker is vested with complete discretion to grant, or to deny parole release as defined by statutory law."). An inmate who has met the minimum requirement for time served under the applicable parole eligibility statute is not automatically entitled to be released on parole; rather, he is only entitled to a review to determine whether or not he will be released on parole. See 37 TEX. ADMIN. CODE § 145.3(1) ("[T]he parole decision maker is vested with complete discretion to grant, or to deny parole release. . . .") (emphasis added); Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995)

7

(because a prisoner has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions). Because Plaintiff has no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedures attendant to his parole decisions. Orellana, 65 F.3d at 31. Moreover, "nothing in [section 508.144] creates a liberty interest." Althouse v. Roe, 542 F. Supp.2d 543, 547 (E.D. Tex. 2008). Section 508.144 only requires that the Board create guidelines for making parole decisions and requires that, if those guidelines are deviated from, the inmate be provided with an explanation why the Board members decided the way they did. The statute's requirement that guidelines be created and that deviations from the guidelines be explained predates the decision by the Fifth Circuit in Teague v. Quarterman, 482 F.3d 769 (5th Cir. 2007), which reconfirmed (though in dicta) the discretionary nature of parole in Texas. Id. at 774. The 2007 amendments to the statute may suggest a state goal in creating a more transparent parole process, but they cannot be construed as creating a presumption in favor of parole. The changes only affect the procedure the Board is to follow after making a decision on parole, and have no substantive effect on the conditional nature of release on parole itself. Accordingly, section 508.144 does not create any entitlement on the part of a prisoner to release on parole, and therefore Plaintiff has not alleged a valid Due Process Clause claim.

   E. <u>Separation of Powers</u>

   To the extent Plaintiff raises a claim regarding the separation of powers his claim is without merit. Plaintiff's claim concerns actions involving state branches of government. Thus, Plaintiff has not stated a federal constitutional violation based on the separation of powers doctrine. Sweezy v. New Hampshire, 354 U.S. 234, 255, 77 S. Ct. 1203 (1957).

F.     Confrontation Clause

Plaintiff also has not stated a valid claim under the Confrontation Clause. The Confrontation Clause of the Sixth Amendment to the United States Constitution applies to the States and "guarantees the right of a criminal defendant 'to be confronted with the witnesses against him.' The right of confrontation includes the right to cross-examine witnesses." Richardson v. Marsh, 481 U.S. 200, 206, 107 S. Ct. 1702 (1987) (citing Pointer v. Texas, 380 U.S. 400, 404, 406–07, 85 S. Ct. 1065 (1965)). The Sixth Amendment right to confront adverse witnesses is guaranteed only in "criminal prosecutions." U.S. CONST. AMEND. VI. A parole review hearing is not a criminal prosecution. Therefore, the Confrontation Clause does not apply to parole review hearings.

G.     Double Jeopardy

To the extent Plaintiff is attempting to claim a violation of the Double Jeopardy Clause, his claim fails. The Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. United States v. Ursery, 518 U.S. 267, 273 (1996). The denial of parole is not an additional punishment for the original offense. Therefore, the fact that Plaintiff may be eligible for parole and yet remains confined without an expectancy of an early release cannot constitute a double jeopardy violation. Coronado v. United States Board of Parole, 540 F.2d 216 (5th Cir. 1976).

H.     Equal Protection

To the extent Plaintiff raises an equal-protection claim it too fails. The Equal Protection Clause requires that similarly situated persons be treated alike. Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S. Ct. 3249 (1985). To establish an equal protection claim, a plaintiff must demonstrate that (1) the state created two or more classifications of similarly situated prisoners

that were treated differently; and (2) the classification had no rational relation to any legitimate governmental objective. Johnson v. Rodriguez, 110 F.3d 299, 306-07 (5th Cir.1997). Plaintiff has failed to show he has been treated differently to similarly situated to inmates.

    I.        Slave Labor

Plaintiff's allegation of involuntary servitude is also without merit. The Fifth Circuit has clearly held that requiring inmates to work without compensation does not violate the Constitution nor constitute involuntary servitude. Wendt v. Lynaugh, 841 F.2d 619, 621 (5th Cir. 1988). The State maintains discretion to determine whether and under what circumstances inmates will be paid for their labor. The Fifth Circuit also emphasized that "inmates sentenced to incarceration cannot state a viable Thirteenth Amendment claim if the prison system requires them to work." Ali v. Johnson, 259 F.3d 317, 317 (5th Cir. 2001). Nor do inmates have a claim under the Fair Labor Standards Act if they are forced to work without compensation. Loving v. Johnson, 455 F.3d 562, 563 (5th Cir. 2006).

## RECOMMENDATION

It is therefore recommended that Plaintiff's claims against the Texas Board of Pardons and Paroles and Plaintiff's claims for monetary damage against Rissie Owens in her official capacity be dismissed without prejudice for want of jurisdiction and Plaintiff's remaining claims be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e). It is further recommended that Plaintiff's motion for summary judgment be dismissed.

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant

monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ

- Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of November, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE